IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN A. COLFAX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14-CV-760-GKF-PJC |
| | ) |
| JPMORGAN CHASE BANK, N.A., | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the court is the motion to dismiss of defendant JPMorgan Chase Bank, N.A. ("Chase") [Dkt. #13]. Chase moves to dismiss the claims of plaintiff John A. Colfax ("Colfax") for breach of contract, violation of the Fair Credit Reporting Act ("FCRA"), and defamation. Colfax claims Chase improperly modified a promissory note and mortgage without Colfax's knowledge or consent. Colfax purchased a home with his then-current wife and financed the purchase *via* the note and mortgage. Colfax and his wife later divorced, and his wife got the house. Colfax's ex-wife and Chase subsequently refinanced the mortgage. Colfax claims this was done without his knowledge or consent. Colfax claims the refinancing constituted an alteration of the note and mortgage relieving him of his obligations thereunder. After the refinancing, Chase considered Colfax obligated to continue making mortgage payments. When payments were not made, Chase reported this fact to credit reporting agencies. Colfax claims that Chase breached its contract with him by materially altering the contract without his knowledge or consent, and that Chase violated the FCRA and defamed Colfax by knowingly reporting false information about Colfax to credit reporting agencies.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the plaintiff has stated a claim upon which relief can be granted. A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility requirement "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the conduct necessary to make out the claim. *Id.* at 556. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (quotations omitted). The court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007).

In its motion Chase argues the refinancing of the loan agreement did not constitute a material alteration thereof, and thus was not a breach of contract resulting in the discharge of Colfax's obligations thereunder. As a result, Chase argues, the information it provided to credit reporting agencies was true and cannot give rise to a violation of the FCRA or to defamation.

Specifically, Chase argues loan modifications of the type executed here are proper and do not amount to a breach of contract. Chase notes that provisions within Colfax's original note and mortgage contemplated possible alterations. However, none of the language Chase invokes can be construed to imply that Colfax agreed to accept future alterations of which he would have no knowledge and to which he would not consent. Chase further notes the loan modification agreement specifically states that in the situation where the borrowers divorce and one co-borrower no longer has an interest in the property, that co-borrower need not sign the

modification agreement, but may continue to be held liable for his obligations. Of course, this language appears in the *loan modification agreement*, which Colfax alleges he did not know about or consent to. Furthermore, this language does not specifically address the situation alleged, namely that Chase and Colfax's ex-wife executed the loan modification *without Colfax's knowledge or consent*.

Under Oklahoma law, "[t]he intentional . . . material alteration of a written contract, by a party entitled to any benefit under it . . . extinguishes all the executory obligations of the contract in his favor, against parties who do not consent to the [alteration]." Okla. Stat. tit. 15, § 239. If Colfax, as he alleges, did not consent to the loan modification, and if the alteration was material, his obligations under the original loan agreement were extinguished under this provision. Chase argues § 239 has been supplanted by Oklahoma's adoption of the UCC, specifically Okla. Stat. tit. 12A, § 3-407. The latter statute provides that an "alteration fraudulently made," discharges the obligations of a non-consenting party, and that "no other alteration" effects a discharge. § 3-407. Chase argues Colfax has only alleged the modification was made without his knowledge or consent, but not fraudulently, and thus fails to allege a breach pursuant to § 3-407.

Upon review of the law, it does not appear that § 3-407 prevents Colfax's use of § 239, and § 3-407 may apply to Chase's conduct as alleged by Colfax. The comments to § 3-407 provide guidance on what constitutes a fraudulent alteration:

> There is no discharge if a blank is filled in the honest belief that it is authorized or if a change is made with a benevolent motive such as a desire to give the obligor the benefit of a lower interest rate. Changes favorable to the obligor are unlikely to be made with any fraudulent intent, but if such an intent is found the alteration may operate as a discharge.

*See* § 3-407, UCC cmt. 1. Colfax alleges Chase modified the loan agreement without notifying him at all, much less believing he consented to or authorized the modification. While the loan

3

modification was designed to give the borrowers the benefit of a lower interest rate, Chase does not argue this was done purely with a benevolent motive. Colfax alleges facts that, if true, show that Chase received other benefits under the loan modification, including an extended loan repayment period and a guaranty by the Department of Housing and Urban Development. [*See* Dkt. #2-1, p. 4]. As alleged, the terms of the loan modification were bargained for by Chase and agreed upon by Colfax's ex-wife—but not by Colfax. A finder of fact might reasonably conclude that the new terms were not "made with a benevolent motive" as described in the comment to § 3-407. Thus, it does not appear that § 3-407 prevents a discharge under § 239. The Oklahoma Supreme Court has not concluded that the two provisions conflict or that the UCC preempts § 239. In fact, the two provisions have been given simultaneous effect in a situation similar to the one alleged by Colfax. *See Goss v. Trinity Sav. & Loan Ass'n*, 813 P.2d 492, 496 (Okla. 1991) (applying both § 239 and § 3-407 to the same loan agreement—albeit applying § 3-407 to a separate legal question—and finding that an alteration of a note to increase the interest rate constituted a material alteration that would discharge the obligations of a party unaware of the alteration under § 239).

Chase also argues the changes made in the modification were not material under § 239. The case law is directly to the contrary. Colfax alleges the loan modification effected, among other changes, a two percentage-point reduction in the interest rate on the loan, from 6.5% to 4.5%. [*See* Dkt. #2-1, pp. 9, 23]. The Oklahoma Supreme Court has specifically held a two percentage-point reduction in the interest rate on a note is a material alteration. *See Commonwealth Nat'l Bank v. Baughman*, 111 P. 332, 332 (Okla. 1910) (quoted in *Goss*, 813 P.2d at 495). Furthermore, Chase's argument that the alterations were not material is not persuasive given that, when Chase sought to make the same alterations to the obligations of

Colfax's ex-wife, it did so in a formal loan modification agreement. If the alterations had been immaterial or were simply a benevolent, unilateral interest rate reduction like that mentioned in UCC comment 1 to § 3-407, such an agreement would not have been necessary. Colfax has alleged facts sufficient to state a claim that the loan modification was an intentional, material alteration of the promissory note that extinguishes his obligations pursuant to § 239.

Chase also moves to dismiss Colfax's claim under the FCRA. Chase argues that because there was no material alteration of the loan agreement, any information it provided to credit reporting agencies about Colfax was accurate. For the same reason, Chase moves to dismiss Colfax's claim for defamation. As noted above, Colfax has adequately alleged that his obligations under the loan agreement were discharged. In addition, Colfax alleges he told Chase he disputed the information Chase provided to reporting agencies, such that Chase was on notice that the information was at least potentially false. [*See* Dkt. #2-1. p.5]. This allegation provides a plausible basis for one to infer that Chase knew the information it reported was false. Colfax has adequately alleged a violation of the FCRA and defamation.

Finally, Chase argues Colfax is not entitled to injunctive relief because he cannot prove actual success on the merits, the first of four elements required to grant a permanent injunction. Because Colfax has adequately alleged a violation of the FCRA, Chase's argument fails.

Accordingly, Chase's motion to dismiss [Dkt. #13] is denied.

ENTERED this 9th day of June, 2015.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT